## JASPER HYDE *et al. versus* THE BOSTON AND BARRE COMPANY.

By a writing of December 30, 1828, signed by U, reciting that A has this day, by his bill of sale, conveyed to C a quantity of machinery, and that C is indebted to A in a sum to be ascertained by appraisal, agreeable to a submission entered into by C and A, and that C has conveyed to U the same machinery, U agrees that A shall, after the machinery is put in operation, have a lien, by mortgage or otherwise, as collateral security for whatever sum shall be due him on settlement, said mortgage or lien to run five years from the 1st of January next. *Held*, that this writing, taken *in connexion with* the fact that it was delivered by U to the chairman of the arbitrators and not to A himself, had reference only to a settlement by the arbitrators, and *that the making of an award was therefore a condition precedent* to the liability of U to make the mortgage, and that whether an award were or were not made, the writing gave no authority to C, without the concurrence of U, to make the mortgage.

TROVER to recover the value of certain machinery. Trial before *Putnam* J.

To prove their property, the plaintiffs put into the case a mortgage made by Benjamin Clark to Henry P. Anderson, dated August 11, 1829, and an assignment of it by Anderson to the plaintiffs, made on the same day. The mortgage was given as security for the payment of $1076·59, on January 1, 1834. It recited, that the "articles of machinery were manufactured by said Anderson and conveyed to said Clark by a bill of sale dated December 30th, 1828, and on the same day mortgaged by the said Clark to H. & E. F. Upham & Co., subject to any lien that the said Clark might hereafter give to said Anderson, by mortgage or otherwise, for the security of the payment for said machinery, said lien to commence from and after January 1st, 1834. Said machinery is now in use in said Clark's cotton mill in said Barre. The value of said machinery was by agreement of December 30th, 1828, to be ascertained by reference to I. D. Dunbar, Samuel D. Goddard, and John Aldrich."

The agreement relative to a lien, referred to in the mortgage from Clark to Anderson, was proved by a copy, marked C, and was as follows: — " Barre, Dec. 30, 1828. Whereas Henry P. Anderson has this day, by his bill of sale, conveyed to Benjamin Clark a certain quantity of machinery and stock

tor machinery, and whereas the said Clark is indebted to the      Hyde
said Anderson, in a certain sum to be ascertained by appraisal   Boston and
agreeable to a submission entered into by said Clark and   Barre Co.
Anderson, and whereas the said Clark has conveyed to us the
same lot of machinery, in consideration of which we agree
that the said Anderson shall, after the said machinery is put in
operation, have a lien, by mortgage or otherwise, as collateral
security for whatever sum shall be due him on settlement ; said
mortgage or lien to run five years from the 1st of January
next.   H. & E. F. Upham & Co."

Dunbar testified that this paper was put into his hands, not
to be delivered until certain conditions had been fulfilled, and
that he gave it up to Upham, two or three years ago, because
the conditions had not been fulfilled.   The defendants con-
tended that it was put into Dunbar's hands as an escrow, and
the condition never having been performed, and the paper
having been delivered back to Upham, it never took effect
either to create a lien in favor of Anderson, or to authorize
Clark to mortgage the machinery.   The question as to the
delivery was put to the jury, and they found that the delivery
was unconditional.

The submission entered into by Clark and Anderson, on
December 30, 1828, was proved by a copy, from which it
appeared that Anderson had previously agreed to make certain
machinery for Clark and that Clark was to pay therefor a
certain sum of money, that the machinery was then unfinished,
and that they were desirous that Clark should take it in its
unfinished state, paying Anderson what was reasonable ; and in
order to ascertain what sum Clark ought to pay, they submit
the question to Dunbar, Goddard and Aldrich, who were " to
deduct from the sum said Clark was to pay, the sum that it
would cost to finish the machinery in proportion as said Ander-
son was to have for the whole."

The award was not produced.   Anderson testified, that
instead of determining what Clark should pay him for building
the machinery, according to the terms of the submission, the
award was, that the witness should pay $240 to Clark for
deficiencies in the machinery as it was, compared with the
contract between them ; that no award was made as to what

Hyde
*v.*
Boston and
Barre C?

Clark owed the witness; that the witness never could get a settlement with Clark; that he thought a large sum was due to him from Clark, and that Clark afterwards acknowledged, that if the submission were carried into effect, he should owe the witness over $6000.

The defendants put into the case the mortgage from Clark to H. & E. F. Upham & Co., dated December 30, 1828, of the machinery in question, to secure the sum of $7885·42; and a bill of sale of the same from Clark to the defendants, dated February 7, 1832; also an assignment, of the same date, by H. & E. F. Upham & Co. to the defendants, of all their interest in the mortgage.

Several questions were made in regard to the evidence offered in proof of the foregoing facts, but they became immaterial.

If the Court should be of opinion that the plaintiff was not entitled to recover, a nonsuit was to be entered.

*Oct. 9th.*

*Newton* and *Lincoln*, for the plaintiffs.

*Washburn,* for the defendants.

*April term
1839.*

SHAW C. J. delivered the opinion of the Court. Many questions of considerable difficulty as to the admission and rejection of evidence, and especially as to the admission of secondary evidence, were discussed on this report; but the short and decisive view taken by the Court upon one branch of the case, renders them immaterial.

This is rather an old transaction, the defendants have been in the actual and undisputed possession of the machinery, which is the subject of controversy in this suit, for several years, and it is incumbent upon the plaintiff to prove a strict legal title, before he can recover.

The plaintiffs claim under a mortgage of this personal property, which, at the time when the mortgage was made, was in the actual occupation, possession and use of the Uphams, by Clark to Anderson, to secure the payment of a certain sum of money, and under an assignment on the same day, from Anderson to the plaintiffs. This mortgage from Clark to Anderson being made by Clark after he had transferred and delivered possession to the Uphams, could not avail to pass any interest to Anderson, unless made in pursuance of some power or

authority for that purpose, given by the Uphams to Clark, or reserved upon the transfer of Clark to the Uphams. This authority is supposed to be found in the paper marked C, being a copy of a paper signed by Messrs. Upham and placed in the hands of Dunbar, and subsequently given up by Dunbar to the signers, under a belief, that it had become inoperative, and that they were entitled to have it delivered up. I shall not stop to inquire whether, under the circumstances, this copy was competent evidence, because it is immaterial. It was left to the jury to consider whether it was delivered to Dunbar, unconditionally, and the jury have found that it was. It bears date December 30, 1828, and recites that Anderson has transferred a quantity of machinery, finished and unfinished, and stock for machinery, to Clark, that Clark has transferred the same to the Uphams, that Clark is indebted to Anderson in a sum, to be ascertained by appraisal, agreeable to a submission entered into between Clark and Anderson, in consideration whereof, the Uphams agree that Anderson, after the machinery is put in operation, shall have a lien by mortgage or otherwise, as collateral security, for whatever sum shall be due him on settlement, said mortgage or lien to run five years. It further appears that Anderson and Clark had then entered into a submission to Dunbar and two others, to determine what proportion of the original contract price Clark should pay Anderson for the machinery as far as completed, and how much, upon that principle, remained due to him.

It further appears, that the referees never did make any appraisal or award, pursuant to the submission, determining how much was due from Clark to Anderson on the principle of settlement agreed upon by the submission.

Now upon the construction of this paper, supposing it to be well proved and to have been unconditionally delivered, the Court are of opinion, that it did not authorize Clark to make a mortgage upon the property to Anderson, to secure to him payment of a sum of money found due from Clark to Anderson upon a private settlement, made by them ; but that it was an executory agreement made by the Messrs. Upham with Anderson, placed in the hands of the chairman of the referees, or the benefit of Anderson, stipulating that when the referees

had determined what sum was due from Clark to Anderson on account of the machinery, the Uphams would, by mortgage or otherwise, give to him a lien on the machinery, for the sum thus found due. The provision, "whatever sum shall be due him on settlement," in this agreement, taken in connexion with the recital, that it had been submitted to referees to determine what was due, and taken in connexion with the fact, that the paper was delivered to the chairman of the referees, and not to Anderson himself, must be understood to mean, a "settlement" made by the referees. Any other construction would subject them to an indefinite and unlimited responsibility, and would not be consistent with the intent of the parties to the agreement. It was therefore in legal effect, an executory stipulation to secure by a mortgage to be made on the machinery, such balance due for the machinery itself, as the referees should determine to be due. The making of the award, therefore, was a condition precedent to the liability of the Uphams to make such a mortgage. No such award having ever been made, the condition, upon which alone they were bound, did not happen, and they therefore never became bound to make such mortgage.

But had it been otherwise, had the referees found a balance due, the agreement in question did not authorize Clark, without the concurrence of the Uphams, to make a mortgage to Anderson, on this machinery, for such balance, and therefore the act of Clark in this respect was unauthorized and passed no interest or title in the property to Anderson, and consequently his assignment passed no title to the plaintiffs.

The Court are therefore of opinion, that the plaintiffs are not entitled to recover.